UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                                Case No: 2:21-cv-530-SPC-NPM

MICHAEL PALLESCHI and
DAVID LETHEM,

      Defendants.
_____/

## **ORDER**[1]

Before the Court is the Government's Unopposed Application to Intervene and for a Complete Stay (Doc. 20). In July, a federal grand jury in New York indicted Defendants Michael Palleschi and David Lethem for securities fraud, along with other charges (the "Criminal Case"). *United States v. Palleschi and Lethem*, No. 1:21-cr-454-CM (S.D.N.Y.). After, Plaintiff Securities and Exchange Commission ("SEC") filed this action (the "Civil Case"). These actions involve the same conduct—the Civil Case is the civil enforcement analogue to the criminal prosecution through the Criminal Case.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Palleschi and Lethem entered not guilty pleas in the Criminal Case. So it is proceeding through discovery (presumably toward trial). To avoid interference, the Government wants to intervene and stay the Civil Case. All parties consent to that outcome.

A party can intervene by right or permission. Fed. R. Civ. P. 24(a)-(b). To intervene as a right, movants must show the following:

> (1) their application to intervene is timely; (2) they have an interest relating to the property or transaction which is the subject of the action; (3) they are so situated that disposition of the action, as a practical matter, may impede or impair their ability to protect that interest; and (4) their interest is represented inadequately by the existing parties to the suit.

*Tech Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695-96 (11th Cir. 2017) (cleaned up). The Government meets that test.

The Government filed this Motion early in both Cases. It also has a strong interest to prosecute the Criminal Case—which involves the same conduct at issue here—and enforce federal criminal laws. Given the overlap, the Civil Case would likely impede the Government's ability to protect those interests. And no current party adequately represents them in this Civil Case.

So the Government can intervene as a right. Even if the Government doesn't have the right, the Court still exercises its discretion to permit intervention. *See SEC v. Martin*, No. 6:17-cv-01385-RBD-GJK, Doc. 150 (M.D. Fla. June 5, 2020) (allowing permissive intervention). The Civil and Criminal

Cases clearly involve common issues of law and fact. What's more, the Government's intervention will not unduly delay or prejudice any parties' rights.

Having concluded the Government can intervene, the Court turns to its request to stay. A district "court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" *United States v. Lot 5, Fox Grove, Alachua Cnty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (citation omitted). In deciding whether to grant a stay, many courts consider a list of factors:

> (1) the extent to which the defendant's Fifth Amendment rights are implicated; (2) the interest of the non-movants in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to them as a result of delay; (3) the burden which any particular aspect of the proceedings may impose on movants; (4) the convenience of the court in the management of its cases and the efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation; (6) the interests of the public in the pending civil and criminal litigation; and (7) the extent to which issues in the criminal and civil cases overlap.

*SEC v. Huff*, No. 09-20087-CIV-LENARD/GARBER, 2010 WL 11447249, at *4 (S.D. Fla. Jan. 19, 2010). Considering those, the Court finds a stay appropriate.

First, Palleschi and Lethem's Fifth Amendment rights are at stake if the Civil Case continues. Second, a stay will not prejudice any party's interest in

3

proceeding now as the Motion is unopposed. Third, discovery in the Civil Case will hamper the Government's prosecution of the Criminal Case. Fourth, resolution of the Criminal Case will likely streamline the issues in the Civil Case. Fifth and sixth, the public has a strong interest that these Cases are resolved without interfering with one another. And seventh, the Cases substantially overlap—each concerns the same conduct and seeks to enforce federal law from different angles (civil vs. criminal). In short, a stay is proper.

Accordingly, it is now

**ORDERED:**

The Government's Unopposed Application to Intervene and for a Complete Stay (Doc. 20) is **GRANTED**.

1. This action is **STAYED** until the conclusion of all proceedings in *United States v. Palleschi and Lethem*, No. 1:21-cr-454-CM (S.D.N.Y.).

2. The Clerk is **DIRECTED** to add a stay flag on the docket

3. The parties must **FILE** a status report on or before **December 23, 2021**, and every **ninety (90) days** after. The parties must immediately notify the Court when the criminal proceedings conclude.

**DONE** and **ORDERED** in Fort Myers, Florida on September 24, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

5