UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                      Case No.:  2:21-cv-530-SPC-NPM

MICHAEL PALLESCHI and
DAVID LETHEM,

    Defendants.
_____/

**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT DAVID LETHEM**

The Court granted Plaintiff Securities and Exchange Commission's Notice of Filing Consent to Judgment of Defendant David Lethem and Unopposed Motion for Limited Lift of Stay and Entry of Judgment. (Doc. 34). By the Consent of Lethem to Judgment of Permanent Injunction and Other Relief ("Consent"), he has entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief ("Judgment"); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment. The Court now enters this Judgment and orders the following:

## I.   PERMANENT INJUNCTIVE RELIEF

**A.  Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Exchange Act Rules 10b-5(a), (b) and (c)**

**IT IS ORDERED** that Lethem is permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Rules 10b-5(a), (b) and (c) [17 C.F.R. § 240.10b-5(a), (b) and (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by, directly or indirectly: (i) making any false or misleading statements in, or otherwise deceiving any person about the truth or falsity of, the financial statements of an issuer; or (ii) creating, altering, or otherwise manipulating records or documents that result in any false or misleading statements in the financial statements of an issuer.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Lethem's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Lethem or with anyone described in (a).

**B. Sections 17(a) of the Securities Act of 1933 ("Securities Act")**

**IT IS FURTHER ORDERED** that Lethem is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly: (i) making any false or misleading statements in, or otherwise deceiving any person about the truth or falsity of, the financial

statements of an issuer; or (ii) creating, altering, or otherwise manipulating records or documents that result in any false or misleading statements in the financial statements of an issuer.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Lethem's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Lethem or with anyone described in (a).

**C. Aiding and Abetting Violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11 and 13a-13**

**IT IS FURTHER ORDERED** that Lethem is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 of the Exchange Act [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by knowingly or recklessly providing substantial assistance to an issuer that fails to file, in accordance with such rules and regulations as the Commission prescribes as necessary or appropriate, such information and documents as the Commission requires to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the

4

Exchange Act [15 U.S.C. § 78l], or such annual, quarterly, or other reports as the Commission prescribes, or fails to include, in addition to the information expressly required to be included in any statement or report filed pursuant to Section 13(a) of the Exchange Act such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Lethem's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Lethem or with anyone described in (a).

## D.  Aiding and Abetting Violations of Section 13(b)(2)(A) of the Exchange Act

**IT IS FURTHER ORDERED** that Lethem is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly or recklessly providing substantial assistance to any issuer that fails to make and keep books, records and accounts that in reasonable detail accurately and fairly reflects its transactions and disposition of assets.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Lethem's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Lethem or with anyone described in (a).

### E.  Aiding and Abetting Violations of Section 13(b)(2)(B) of the Exchange Act

**IT IS FURTHER ORDERED** that Lethem is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly or recklessly providing substantial assistance to any issuer that fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurance that: transactions are executed in accordance with management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with GAAP or any other criteria applicable to such statements, and to maintain accountability for assets; access to assets is permitted only in accordance with management's general or specific authorization; and the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Lethem's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Lethem or with anyone described in (a).

**F. Violations of Section 13(b)(5) and Rule 13b2-1 of the Exchange Act**

**IT IS FURTHER ORDERED** that Lethem is permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by circumventing and/or failing to implement a system of internal accounting controls and knowingly falsifying or causing to be falsifying the books, records and accounts of any issuer.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Lethem's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Lethem or with anyone described in (a).

**G.  Violations of Rule 13b2-2 of the Exchange Act**

**IT IS FURTHER ORDERED** that Lethem is permanently restrained

7

and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by making or causing to be made materially false and misleading statements, or omitting to state or causing others to omit to state material facts necessary in order to make statements made, in light of the circumstances under which they are made, not misleading, to an accountant in connection with audits and reviews of financial statements and the preparation and filing of documents and reports required to be filed with the Commission.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Lethem's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Lethem or with anyone described in (a).

**H. Violations of Rule 13a-14 of the Exchange Act**

**IT IS FURTHER ORDERED** that Lethem is permanently restrained and enjoined from violating Exchange Act Rule 13a-14(a) [17 C.F.R. § 240.13a-14(a)], thereby directly or indirectly, as an officer or director of an issuer, from falsely certifying in annual or interim quarterly reports filed with the Commission that, he reviewed the reports, and based on his knowledge, that (a) the reports did not contain any untrue statements or omissions of material

fact and (b) the financial statements contained in the reports fairly presented, in all material respects, the financial condition, the results of the operations of the issuer, and its cash flows.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Lethem's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Lethem or with anyone described in (a).

## II. OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] Lethem is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## III.  DISOGRGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY

**IT IS FURTHER ORDERED** that Lethem must pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to

Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court will determine the amounts of the disgorgement, prejudgment interest and civil penalty upon motion of the Commission. Prejudgment interest must be calculated from January 1, 2017, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Lethem will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Lethem may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint must be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Federal Rule of Civil Procedure 56(c). In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## IV.    BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED** that for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Lethem, and further, any debt for a civil penalty or other amounts due by Lethem under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Lethem of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## V.    INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED** that Lethem's Consent is incorporated here with the same force and effect as if fully set forth here, and that Lethem must comply with all the undertakings and agreements set forth here.

## VI.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VII.  RULE 54(b) CERTIFICATION

**IT IS FURTHER ORDERED** that, there being no just reason for delay, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk is directed to enter this Judgment forthwith and without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on June 29, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:    All parties of record