UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES & EXCHANGE
COMMISSION,

     Plaintiff,

v.                                                                     Case No.:  2:21-cv-530-SPC-NPM

PALLESCHI, et al.,

     Defendants.

_____

## <u>ORDER</u>

Before the Court is Plaintiff Securities and Exchange Commission's ("Commission") Unopposed Motion for entry of Final Judgments ("Motion"). (Doc. 57).   Attached to the Commission's Motion is Defendant Michael Palleschi's Consent ("Consent") (Doc. 57-1) and an Amended Proposed Final Judgment ("Final Judgment").   (Doc. 59-1).   By the Consent of Michael Palleschi to Final Judgment, Palleschi has consented to the entry of this Final Judgment.   After review, the Court approves the Consent and **GRANTS** the Motion.   The Court now enters this Final Judgment and orders the following:

**I.**
## <u>PERMANENT INJUNCTIVE RELIEF</u>

**A. Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Exchange Act Rules 10b-5**

**IT IS ORDERED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Rules 10b-5 [17 C.F.R. § 240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by, directly or indirectly: (i) making any false or misleading statements in, or otherwise deceiving any person about the truth or falsity of, the financial statements of an issuer; or (ii) creating, altering, or otherwise manipulating records or documents that result in any false or misleading statements in the financial statements of an issuer.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b)

2

other persons in active concert or participation with Defendant or with anyone described in (a).

**B. Sections 17(a) of the Securities Act of 1933 ("Securities Act")**

**IT IS FURTHER ORDERED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly: (i) making any false or misleading statements in, or otherwise deceiving any person about the truth or falsity of, the financial statements of an issuer; or (ii) creating, altering, or otherwise manipulating records or documents that result in any false or misleading statements in the financial statements of an issuer.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### C. Aiding and Abetting Violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11 and 13a-13

**IT IS FURTHER ORDERED** that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 of the Exchange Act [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by knowingly or recklessly providing substantial assistance to an issuer that fails to file, in accordance with such rules and regulations as the Commission prescribes as necessary or appropriate, such information and documents as the Commission requires to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or such annual, quarterly, or other reports as the Commission prescribes, or fails to include, in addition to the information expressly required to be included in any statement or report filed

4

pursuant to Section 13(a) of the Exchange Act such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### D. Aiding and Abetting Violations of Section 13(b)(2)(A) of the Exchange Act

IT IS FURTHER ORDERED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly or recklessly providing substantial assistance to any issuer that fails to make and keep books, records and accounts that in reasonable detail accurately and fairly reflects its transactions and disposition of assets.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b)

other persons in active concert or participation with Defendant or with anyone described in (a).

### E. Aiding and Abetting Violations of Section 13(b)(2)(B) of the Exchange Act

**IT IS FURTHER ORDERED** that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly or recklessly providing substantial assistance to any issuer that fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurance that: transactions are executed in accordance with management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with GAAP or any other criteria applicable to such statements, and to maintain accountability for assets; access to assets is permitted only in accordance with management's general or specific authorization; and the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b)

other persons in active concert or participation with Defendant or with anyone described in (a).

### F. Violations of Section 13(b)(5) and Rule 13b2-1 of the Exchange Act

**IT IS FURTHER ORDERED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by circumventing and/or failing to implement a system of internal accounting controls and knowingly falsifying or causing to be falsifying the books, records and accounts of any issuer.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### G. Violations of Rule 13b2-2 of the Exchange Act

**IT IS FURTHER ORDERED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by making or causing to be made materially false and misleading statements, or omitting to state or causing

others to omit to state material facts necessary in order to make statements made, in light of the circumstances under which they are made, not misleading, to an accountant in connection with audits and reviews of financial statements and the preparation and filing of documents and reports required to be filed with the Commission.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### H. Violations of Rule 13a-14 of the Exchange Act

**IT IS FURTHER ORDERED** that Defendant is permanently restrained and enjoined from violating Exchange Act Rule 13a-14(a) [17 C.F.R. § 240.13a-14(a)], thereby directly or indirectly, as an officer or director of an issuer, from falsely certifying in annual or interim quarterly reports filed with the Commission that, he reviewed the reports, and based on his knowledge, that (a) the reports did not contain any untrue statements or omissions of material fact and (b) the financial statements contained in the reports fairly presented, in all material respects, the financial condition, the results of the operations of the issuer, and its cash flows.

8

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## I.   Section 304(a) of the Sarbanes-Oxley Act of 2002

**IT IS FURTHER ORDERED** that Palleschi is permanently restrained and enjoined from violating Section 304(a) of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7243(a)], by failing to reimburse any issuer for any bonus or other incentive-based or equity-based compensation received from the issuer, or any profits realized from the sale of securities of the issuer, during a 12-month period following the first public issuance or filing with the Commission of a financial document for which the issuer is required to prepare an accounting restatement due to the material noncompliance of the issuer, as a result of misconduct, with any financial reporting requirement under the securities laws.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Palleschi's officers, agents, servants, employees, and attorneys; and (b) other

persons in active concert or participation with Palleschi or with anyone described in (a).

## J.    Section 14(a) Rules 14a-3 and 14a-9 of the Exchange Act

**IT IS FURTHER ORDERED** that Palleschi is permanently restrained and enjoined from violating Exchange Act Rule 14(a) [15 U.S.C. § 78n(a)] and Rules 14a-3 [17 C.F.R. § 240.14a-3] and 14a-9 thereunder [17 C.F.R. § 240.14a-9], thereby directly or indirectly, soliciting or permitting the use of his names to solicit proxies, consents, or authorizations in respect of non-exempt securities registered with the SEC pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], by means of a proxy statement, notice of meeting and other communications that did not contain the information specified in Schedule 14A and that contained statements which, at the time and in light of the circumstances under which they were made, were false and misleading with respect to material facts or which omitted to state material facts necessary in order to make the statements therein not false or misleading or necessary to correct statements in earlier communications with respect to the solicitation of a proxy for the same meeting or subject matter which became false or misleading.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a)

10

Palleschi's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Palleschi or with anyone described in (a).

## II.
## OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## III.
## DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY

**IT IS FURTHER ORDERED** that Defendant is liable for disgorgement of $4,321,123.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,981,409.06, for a total of $6,302,532.06. This amount shall be deemed satisfied by the restitution order of $13,541,407.75, entered against Defendant in the criminal case *United States v. Palleschi, et al.,* Case No. 21-cr-454 (CM) (SDNY).

11

**IT IS FURTHER ORDERED** that the Commission's claim for a civil penalty against Defendant is dismissed.

### IV.
### <u>INCORPORATION OF CONSENT</u>

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent (Doc. 57-1)  is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

Accordingly, it is **ORDERED:**

1. Plaintiff Securities and Exchange Commission's Unopposed Motion for entry of Final Judgments (Doc. 57) is **GRANTED**.

2. The Clerk is **DIRECTED** to terminate any remaining deadlines, deny all pending motions as moot, enter judgment, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

12